# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVERTON JUNYO GOMES** | : | **CIVIL ACTION** |
| **FERNANDES VALGAS,** | : | |
| *Petitioner*, | : | **NO. 26-2714** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMISON, J.L., as Warden of the** | : | |
| **Philadelphia Federal Detention Center,** | : | |
| ***et al.***, | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 4th day of May 2026, upon consideration of Petitioner Everton Junyo

Gomes Fernandes Valgas', ("Petitioner" or "Mr. Fernandes Valgas"), *verified petition for writ of*

*habeas corpus*, (the "Petition"), (ECF 1), and Respondents',[1] (collectively the "Government"),

answer in opposition, (ECF 3), it is hereby **ORDERED** that, for the reasons set forth in the

footnote, the Petition is **GRANTED**,[2] as follows:

---

[1]     Everton Junyo Gomes Fernandes Valgas, ("Petitioner"), named as Respondents the following individuals in their official capacities, *to wit*: Jamal L. Jamison, Warden of the Federal Detention Center in Philadelphia, Pennsylvania, (the "FDC"); John E. Rife, Acting Field Office Director, Immigration and Customs Enforcement, ("ICE"); Markwayne Mullin, Secretary of the United States Department of Homeland Security, ("DHS"); Todd Blanche, Acting United States Attorney General; DHS; and the Executive Office of Immigration Review. (ECF 1).

[2]     The facts in this case are summarized as follows:  On or about June 30, 2022, Petitioner, a citizen of Brazil, immigrated to the United States. (ECF 1 at ¶ 17).  Upon his arrival, Petitioner encountered officers of DHS, was detained, processed, and released. (*Id.* at ¶18).  DHS provided Petitioner a call-in letter stating that he was paroled into the U.S. and was required to attend regularly scheduled check-ins with ICE. (*Id.* at ¶ 20; ECF 1-1).  Thereafter, Petitioner apparently established a life in Philadelphia, where he lived with his wife and his two U.S. citizen children. (ECF 1 at ¶ 19).  In its filing, the Government points to no criminal activity by, or criminal charge against, Petitioner since his arrival. (*See generally* ECF 3).

On April 22, 2026, Petitioner was apprehended and taken into custody by ICE agents while exiting a Home Depot. (ECF 1 at ¶ 21).  Two days later, on April 24, 2026, Petitioner filed his *habeas* Petition while detained at the Philadelphia Federal Detention Center, ("FDC"), (*id.* at ¶ 21; ECF 3 at p. 4), and this Court issued an Order to Answer requiring the Government to, *inter alia*, respond to the Petition by April 29, 2026, and not to transfer Petitioner outside of Philadelphia, (*see* ECF 2).  In contravention of this Court's

Order, the Government transferred Petitioner to Moshannon Valley Processing Center, ("MVPC"), in Philipsburg, Pennsylvania and then to Central Louisiana Processing Center. (ECF 3 at p. 4 n.3). The Government, upon learning of the April 24, 2026 Order, returned Petitioner to the MVPC. (*Id.*). This Court takes judicial notice that, as of the date of this Order, ICE's Online Detainee Locator System shows that Petitioner is currently at the MVPC in violation of this Court's April 24, 2026 Order. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) ("It is appropriate to take judicial notice of . . . information . . . made publicly available by government entities[.]" (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

In his *habeas* petition, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), (ECF 1 at ¶¶ 41-44), the Administrative Procedure Act, ("APA"), (*id.* at ¶¶ 45-50), and his rights under the Fifth Amendment Due Process Clause of the United States Constitution, (*id.* at ¶¶ 51-61). Petitioner seeks the following: (1) an order preventing Petitioner's removal from this jurisdiction; (2) a declaration that his continued detention violates the INA, the APA, and/or the Due Process Clause of the Fifth Amendment of the United States Constitution; (3) the issuance of a writ of *habeas corpus* ordering Petitioner's immediate release from Government custody; and (4) in the alternative, an order that the Government provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at pp. 16-17). Petitioner also requests a return of his personal property, including identification and documents, and an award of costs and reasonable attorney's fees. (*Id.* at p. 17). In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(a) and that his detention comports with constitutional due process. (ECF 3 at pp. 5-10). Each argument is addressed in turn.

Petitioner argues that his detention violates the INA because he is not subject to the mandatory detention provision of 8 U.S.C. § 1225(b), ("Section 1225(b)"). Rather, Petitioner contends that DHS' authority to detain him, if any, arises under 8 U.S.C. § 1226(a), ("Section 1226(a)"), and his detention without a bond hearing runs afoul of the INA. (ECF 1 at ¶ 26). In its response, the Government reiterates the same argument that this Court, as well as others in this District and throughout the country have addressed and rejected, and acknowledges that the courts in this District have reasoned that Section 1225(b)(2)(A) "requires that an 'applicant for admission' be actively 'seeking admission' at or near the border to fall within its scope." (*Id.* at p. 5) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *6-7 (E.D. Pa. Nov. 14, 2025). Nonetheless, the Government argues that, because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is "seeking admission" such that he is lawfully being detained pursuant to Section 1225(b)(2). (*See id.* at pp. 5-7). Consistent with its many rulings, this Court disagrees with the Government and finds that DHS is not authorized to detain Petitioner pursuant to Section 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). As such, Petitioner is entitled under the law to a bond hearing, and his continued detention without such a hearing violates the INA. Because the Court finds Petitioner's detention violates the INA based on its interpretation of the pertinent statutory text, it declines to reach Petitioner's APA argument.

Petitioner further argues that his detention violates procedural due process because it was imposed without notice, hearing, and any individualized determination; and substantive due process because it was imposed without statutory authorization and individualized justification. As counter, the Government argues that Petitioner's detention is aligned with its profound interest to detain undocumented persons during removal proceedings and has not yet reached an unreasonable duration.

To determine whether an immigrant detainee's substantive due process rights have been violated, "the Court must determine whether [the] detention is rationally connected to a legitimate government purpose and whether it is excessive in relation to that purpose." *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 42 (M.D. Pa. 2025) (citation modified). The Supreme Court has recognized presumptive limitations on the

1.  The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2.  Because Petitioner is in custody in violation of the laws and the Constitution of the United States, he is to be ***immediately*** transferred from the Moshannon Valley Processing Center to the Federal Detention Center in Philadelphia, Pennsylvania and, upon his arrival, immediately released therefrom;

3.  The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him since the time his detention began on April 22, 2026; and

---

length of immigration detention in inapposite contexts. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (announcing that, for detention authorized under 8 U.S.C. § 1231(a)(6), six months is a presumptively reasonable period of detention). Here, the Government's proffered justification for Petitioner detention is unpersuasive. The record evidences Petitioner's years of compliance with immigration authorities. The Court strains to reason how his continued detention furthers the Government's interest of conducting removal proceedings because Petitioner's detention appears to bear no impact on the Government's ability to remove him. Accordingly, his detention violates substantive due process.

As to procedural due process, the Court applies the *Mathews v. Eldrige* balancing test. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner's continued compliance with immigration authorities requires his detention. Finally, considering the Government's interest, the Court finds that the function and burden—if any exist—on the Government to provide Petitioner with due process come nowhere near so weighty as to justify the current intrusion on his rights. On balance, the *Mathews* factors lead this Court to find that the Government's failure to afford Petitioner with any form of due process in effectuating his detention violates procedural due process.

A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's constitutional due process rights. *See* 28 U.S.C. § 2241(c)(3). Consequently, this Court finds that the law and justice require Petitioner's immediate release.

4.      The Government is directed to certify compliance with the Court's Order by filing

such certification on the docket by 5:00 p.m. on May 5, 2026.

The Clerk of Court shall mark this case **CLOSED** once certification is received.


BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

4